# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ADRIENNE HENRY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:24-cv-00218-MTS |
| ) | |
| IRON COUNTY, *et. al*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jeffrey Burkett's Motion for Leave to File Out of Time. Doc. [53]. Plaintiffs oppose the Motion. Doc. [56]. For the reasons that follow, the Court will grant it and will require Defendant Burkett to file his required response to Plaintiffs' Complaint no later than February 13, 2025.

\*

Plaintiffs filed this action on November 21, 2024, alleging serious unconstitutional and tortious misconduct undertaken by multiple Defendants, one of whom is Jeffrey Burkett. Burkett was served on December 09, 2024, and under the Federal Rules of Civil Procedure, he had a January 06, 2025, deadline to respond to Plaintiffs' Complaint. *See* Fed. R. Civ. P. 12(a)(1)(i). Burkett allowed that deadline to lapse.

Through counsel, Burkett now moves for leave to file his required response out of time, and he seeks an additional fourteen days to do so. Doc. [53]. He asks for this relief because his "[c]ounsel was recently retained and requires adequate time to review the facts of this case." *Id.* Plaintiffs oppose Burkett's request and argue that he has failed to provide

"a sufficient reason" that would allow the Court to grant his Motion.  Doc. [56] at 2.  More specifically, Plaintiffs contend that a recently retained attorney's need for additional time does not establish the "excusable neglect" required for a court to extend a lapsed deadline because a pro se litigant can generally move to extend such deadlines while seeking counsel.  *Id.* at 1–2; *see Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (acknowledging that a pro se litigant must follow procedural rules "even without affirmative notice of the application of the rules to his case" (citation omitted)).

The Federal Rules of Civil Procedure permit a district court "to extend the time for a party to submit a filing 'if the party failed to act because of excusable neglect.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting Fed. R. Civ. P. 6(b)(1)(B)).  Whether a party's neglect is excusable "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Relevant circumstances include: "(1) the possibility of prejudice to [Plaintiffs]; (2) the length of [Burkett's] delay and the possible impact of that delay on judicial proceedings; (3) [Burkett's] reasons for delay, including whether the delay was within [his] reasonable control; and (4) whether [Burkett] acted in good faith.  *Chorosevic*, 600 F.3d at 946.

Balancing the four factors above, the Court finds that they weigh in favor of permitting Burkett leave to respond out of time.  First, at this early stage in the proceedings, it does not appear that Plaintiffs will suffer significant prejudice if the Court grants Burkett's desired relief, and the Plaintiffs have not articulated any prejudicial ground,

themselves.  Moreover, the Court is mindful of "[t]he judicial preference for adjudication on the merits," *Oberstar v. FDIC*, 987 F.2d 494, 504 (8th Cir. 1993), and that preference counsels in favor of granting leave to answer out of time, especially where, as here, denial would constitute "a severe penalty [on Burkett] unmatched by any prejudice to [Plaintiff]," *see Chorosevic*, 600 F.3d at 947.

Second, if the Court grants Burkett's Motion and sets a February 13, 2025, response deadline, Burkett's response will be delayed, in total, for just over one month.  While such a delay may be significant in other contexts, the Court is not convinced that a one-month delay weighs against granting Burkett's Motion where other litigants have only recently answered or otherwise responded to Plaintiffs' Complaint.  *See, e.g.*, Doc. [50] (answering Plaintiffs' Complaint on January 20, 2025).  Third, there is no indication—and Plaintiffs do not allege—that Burkett has acted in bad faith by failing to respond or moving for an extension.  On the contrary, Burkett's Motion indicates a good-faith intention to litigate the merits of the claims that Plaintiffs have made against him.

The only factor weighing against Burkett at this stage is the fact that his reason for delay—the time spent acquiring legal representation and his now-retained counsel's need for additional time—was largely in his control.  At the very least, Plaintiffs are right to point out that Burkett had the ability to seek an extension of his Rule 12 deadline *prior* to its expiration.  However, after "taking account of all relevant circumstances," *Pioneer*, 507 U.S. at 395, the Court finds that it is appropriate to grant Burkett the relief he seeks.

- 4 -

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jeffrey Burkett's Motion for Leave to File Out of Time, Doc. [53], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Jeffrey Burkett shall file his required response to Plaintiffs' Complaint no later than **February 13, 2025**.

Dated this 28th day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE